(No. 4766

CAROLINE PILS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 22, 1958.*

COSTIGAN, WOLLRAB AND YODER, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

Caroline Pils filed her complaint in this cause on March 12, 1957, and, on April 5, 1957, respondent filed a motion to dismiss the case.

Subsequent thereto, a motion was made to continue this cause until a similar case had been disposed of in the Circuit Court of McLean County. This Court

is now requested to pass upon the original motion to dismiss claimant's complaint.

The motion to dismiss filed by respondent sets forth that the claim is barred as a matter of law for the reason that the Illinois State Normal University is operated, managed, controlled and maintained by the Teachers College Board (Ill. Rev. Stats., 1955, Chap. 122, Par. 577.1); and that said Teachers College Board is a body corporate and politic with the power to sue and be sued (Ill. Rev. Stats., 1955, Chap. 122, Par. 577.7), the legal effect of which defeats the claim alleged in said complaint. (*B & F Hi-Line Construction Corp.* vs. *State of Illinois,* 21 C.C.R. 189; *Davern* vs. *State of Illinois,* 21 C.C.R. 236; *Denton* vs. *State of Illincis,* No. 4635, opinions filed on October 22, 1954 and January 11, 1955.)

Having had occasion to pass upon the question before, this Court has held that The Board of Trustees of said College is a corporate body with the right to sue and be sued, and that a court of general jurisdiction would be the place to bring such a suit. For said reason, this Court is without jurisdiction.

The present Court of Claims Act, Chap. 37, Sec. 439.8, Par. C, mentions The Board of Trustees of the University of Illinois, but, by omission, eliminates other State Universities. It does not extend to any other corporate entity.

For the reasons heretofore assigned, the motion of respondent to dismiss is allowed, and the claim accordingly dismissed.